IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Thaddeus MOORE,                                 :
       Plaintiff                              :
                                              :
v.                                              :    CIVIL NO. L-06-1383
                                              :
                                              :
NESTLE WATERS NORTH AMERICA, INC., :
       Defendant

### MEMORANDUM

Now pending is the Motion to Dismiss filed by Defendant Nestle Waters North America, Inc. ("Nestle"). Because the issues are clear, no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the following reasons, and by separate Order, the Court will GRANT in PART and DENY in PART Nestle's Motion.

**I    BACKGROUND**

On June 2, 2006, Thaddeus Moore filed suit against Nestle, his former employer, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[1] Moore alleges that in March 2003 recurring chest pain, which was later diagnosed as Printzmetal's Angina, disabled him.[2] Moore, who was terminated on June 2, 2003, contends that Nestle violated the ADA by refusing to accommodate his disability and by firing him because of his disability.

On July 18, 2006, Nestle moved to dismiss, citing Moore's failure to file suit within

---

[1] Because Moore is a pro se litigant, the Court has construed his complaint broadly. See Haines v. Kerner 404 U.S. 519, 520 (1972).

[2] Printzmetal's Angina, also called variant angina, is "chest pain that occurs at rest for no apparent reason." It is caused by coronary artery spasms, which temporarily restrict blood flow to the muscles of the heart. The Mayo Clinic, "Ask a Heart Specialist" page, available at http://www.mayoclinic.com/health/variant-angina/AN01244 (last viewed December 28, 2006).

ninety days of receiving his "right to sue letter" from the Equal Employment Opportunity Commission ("EEOC").  In his complaint, Moore alleges that he filed his charge with the EEOC on July 17, 2003, and that he received his letter on September 20, 2003.[3]  Because he did not file suit until almost three years later, Nestle argues that the suit is barred.

On August 18, 2006, Moore requested more time to respond to Nestle's motion.  On October 31, 2006, the Court ordered him to respond by November 15, 2006.  On that date, Moore filed several miscellaneous papers, including medical records, a letter from a law firm, and a letter to Nestle entitled "claim for disability and wrongful termination [of] benefits."[4]  He apologized for his late response, and indicated that he was attempting to retain counsel.  Nowhere did he explain his failure to file suit within the ninety day time limit.

## II    ANALYSIS

### A.    ADA Claim

Before a plaintiff can bring suit in federal court under the ADA, he must exhaust his administrative remedies.  See <u>Davis v. North Carolina Dept. of Correction</u>, 48 F.3d 134, 137 (4th Cir. 1995).  This means that he must file a charge of discrimination with the EEOC within 180 days or 300 days (depending on the jurisdiction) of the alleged discriminatory acts, receive a right to sue letter from the agency, and file his lawsuit in federal court within ninety days of receipt.  42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1), 12117.  Moore filed suit 986 days after receiving his letter, almost three years too late.  Accordingly, the Court will DISMISS Moore's

---

[3]    Neither Moore nor Nestle have submitted Moore's EEOC charge, the "90 day letter," or any other part of the administrative record.

[4]    The letter to Nestle is dated September 15, 2005.  Despite its title, the letter focuses on Moore's dissatisfaction with the care he received from his former cardiologist.

ADA claim.

    **B.    ERISA Claim**

The Court will not, however, dismiss Moore's complaint in toto. In his original filing with the Court, Moore makes a one-word reference to "ERISA." In his November 15 filing, Moore suggests that he was wrongfully "denied him short and long term disability." Moore may be stating an ERISA claim. In Maryland, ERISA claims are subject to a three year statute of limitations. See Papesh v. American National Can Co., 177 F.R.D. 344, 345 (D. Md. 1997). Moore apparently filed suit three years to the day following his termination.

Accordingly, the Court will give Moore an opportunity to state whether he is, indeed, making an ERISA claim. By February 1, 2007, Moore shall advise the Court, in writing, of the following:

- Whether he is making a claim for benefits under ERISA,
- What benefits he received,
- What benefits were allegedly denied him,
- What date(s) those benefits were allegedly denied him, and
- What provisions of the Nestle plan entitle him to those benefits.

Moore has the right to represent himself. Because of the complexity of the statutory scheme, however, the Court advises him to seek legal help if he intends to assert an ERISA claim. The Court also cautions Moore that his complaint will be dismissed if he fails to file a response within the time required.

**III    CONCLUSION**

For the reasons stated, and by separate order, Nestle's Motion is GRANTED in PART and DENIED in PART.

Dated this 4th day of January 2007.

/s/
_____
Benson Everett Legg
Chief Judge